IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ORIENTAL BANK & TRUST,<br><br>Plaintiff,<br><br>                    v.<br><br>M/V 'KARIMAR', her engines, tackle, furniture, apparel, appurtenance, tools, pumps, radar, electronic accessories, etc., *in rem*, IRMA MERCEDES NEGRON RODRIGUEZ, EMMANUEL CACERES RIVERA, and the CONJUGAL PARTNERSHIP comprised between them,<br><br>Defendants. | CIVIL NO. 09-2258 (JAG/CVR) |

## REPORT AND RECOMMENDATION

### INTRODUCTION

Plaintiff Oriental Bank & Trust  (hereafter "Oriental")[1] filed a complaint against defendants, that is,  M/V KARIMAR, *in rem*, and individual defendants Irma Mercedes Negrón-Rodríguez, Emmanuel Cáceres-Rivera and their conjugal partnership, *in personam* (hereafter "defendants") in regards to the foreclosure of a preferred ship mortgage as to the

---

[1]  On April 30, 2010, the Office of the Commissioner of Financial Institutions closed the operations of Eurobank and designated the Federal Deposit Insurance Corporation (hereafter "FDIC"), as its receiver. On that same date, Oriental entered into an agreement with the FDIC, under which it acquired most of Eurobank´s assets, which included the subject matter of this litigation. The Motion to Substitute Party and Notice of Appearance was granted by the Court on May 20, 2010.  (Docket Nos. 17, 18).

Oriental Bank & Trust v. M/V Karimar, et al.
Civil No. 09-2258 (JAG/CVR)
Report and Recommendation
Page No. 2

M/V KARIMAR and its owners' who executed a promissory note as guarantee thereof.[2] The complaint submits above defendants owe plaintiff Oriental the amount of $45,805.21 in principal (Docket No. 1).[3]

On February 8, 2011, the Court entered defendants' default. (Docket Nos. 46 and 47). On March 1, 2011, plaintiff Oriental filed a request for default judgment which was referred to this Magistrate Judge on March 22, 2011, for report and recommendation.

Since this matter entails a sum certain and the required documentation for the necessary judicial determination as to the default judgment is available, this Magistrate Judge issues the following findings of fact.

## FINDINGS OF FACT

There is no need for an evidentiary hearing to be held in the instant case because the amount requested by plaintiff Oriental is for sum certain as established by a promissory note and a preferred mortgage over the M/V Karimar which was executed before notary public by defendants.

Carlos Roldán-Guzmán, Senior Real Estate and Inspector of plaintiff Oriental, attested in the statement under penalty of perjury that:

1- Oriental Bank & Trust is the holder of the promissory note in the amount of $75,750.00 subscribed by defendants. *Docket No. 48, Exhibit A.*

---

[2] M/V "KARIMAR" is a 29' Crownline yacht, Official No. 1108494, Hull Identification No. JTC40326FOOO.

[3] The amount requested in the Complaint was modified by the statement under penalty of perjury submitted in support of the request for entry of default judgment.

<u>Oriental Bank & Trust v. M/V Karimar, et al.</u>
Civil No. 09-2258 (JAG/CVR)
Report and Recommendation
Page No. 3

2- The note is guaranteed by a First Preferred Ship Mortgage as to the M/V KARIMAR. *Exhibit B.*

3- The mortgage is recorded with the National Vessel Documentation Center. *Exhibit C.*

4- Defendants have defaulted in payments under the promissory note and the loan was accelerated.

Thus, it is clearly established that plaintiff Oriental is entitled to collect from defendants the amount of $45,805.21 in principal, $5,642.19 in interest, and $3,868.45 in late charges, for a total of $55,315.85, as established by the promissory note duly signed by defendants and the first preferred ship mortgage over the M/V Karimar.

Plaintiff Oriental is also entitled to collect ten (10%) percent of the original principal amount of the loan as attorney's fees, plus cost and expenses.

The debt above indicated accrues interest at the daily rate until final judgment is entered of $25.09; thereafter, post-judgment interest rate applies until the amount is satisfied.

The combined amount owed by defendants to plaintiff Oriental is a total of $62,890.85.

## LEGAL DISCUSSION

Plaintiff Oriental has obtained an entry of default pursuant to Federal Rule of Civil Procedure 55(b)(2) against individual defendants *in personam* and by publication as to the

M/V KARIMAR *in rem*, which was arrested and is under the custody of the designated custodian.

The claim filed by plaintiff Oriental as to defendants is "liquidated," so as to permit district court to enter final judgment against defaulting defendants without holding a damages hearing, since the amount thereof has been ascertained and agreed upon by parties or fixed by operation of law. Fed.Rules Civ.Proc.Rule 55(b)(2), 28 U.S.C.A. The term 'sum certain' in this context contemplates a situation in which, once liability has been established, there can be no dispute as to the amount due, as in actions on money judgments and negotiable instruments. KPS & Associates, Inc. V. Designs By FMC, Inc., 318 F.3d 1 (1st Cir. 2003); *see* 10 *Moore's Federal Practice* ¶ 55.22[1] (2002).

Thus, as in the present case, no evidentiary inquiry is necessary for the claim filed by plaintiff Oriental is one for a sum certain as established by notarized documents.

**A. Amounts Owed.**

Upon having defaulted in payment on the promissory note guaranteed by a First Preferred Ship Mortgage as to the M/V KARIMAR, defendants owe plaintiff Oriental a total of $62,890.85, which includes principal, interest, late charges, costs and attorney's fees.

**1. Amount owed for Attorney's Fees.**

Plaintiff Oriental requested attorneys' fees and costs in the amount of ten percent (10%) of the principal loan amount as established in the promissory note.

As to plaintiff's request for an award of attorney's fees, one must take notice that a court has inherent power to assess attorney's fees when a party has acted in bad faith,

vexatiously, wantonly and/or for oppressive reasons. F. D. Rich Co. v. United States Ex Rel Industrial Lumber Co., 417 U.S. 116, 129 (1974); Gradmann & Holler, Gmbh. v. Continental Lines, 679 F.2d 272, 274 (1st Cir. 1982).

As such, attorney's fees based on the amount attested of $45,805.21 owe in principal, plus costs and expenses, that is, a total of  $7, 575.00, should be allowed.

**2.  Prejudgment Interest.**

Plaintiff Oriental has also requested prejudgment interest accrued from the time payment was due up until the entry of judgment.

The award of prejudgment interest rests within the sound discretion of the district court.  *See* Ameejee Valleejee and Sons v. M/V Victoria U., 661 F.2d 310 (2d Cir. 1981).  As a general rule, prejudgment interest should be awarded in admiralty cases, not as a penalty, but as compensation for use of funds to which claimant was rightfully entitled.[4]  Absent peculiar circumstances, court should grant prejudgment interest in admiralty case.  First Bank & Trust v. Knachel, 999 F.2d 107 (5th Cir. 1993); Ann K Wooster, J.D. , *Construction and Application of Maritime Commercial Instruments and Liens Vessel Identification System Act of 1988*, §75 Prejudgment Interest, 173 ALR Fed. 305 (2001).

The amounts above requested for attorney's fees, prejudgment interests should be allowed as part of the default judgment against herein defendants.   As such, the total amount established by plaintiff Oriental owed by plaintiff is $62,890.85, which includes principal, interest, late charges, costs and attorney's fees.

---

[4]  Alan R. Gilbert, J.D., *Award of prejudgment interest in admiralty suits*, 34 ALR Fed. 126 (1977).

Oriental Bank & Trust v. M/V Karimar, et al.
Civil No. 09-2258 (JAG/CVR)
Report and Recommendation
Page No. 6

**B.  Foreclosure of the Preferred Mortgage and Sale of the M/V KARIMAR**.

Admiralty law conceives a vessel as an entity distinct from its owner, so an *in rem* action to enforce a maritime lien is brought against the vessel itself, rather than against the owner.   Puerto Rico Ports Authority v. BARGE KATY-B, 427 F.3d 93 (1st Cir. 2005)(statutory presumption in favor of maritime lien is a strong one); Navieros Inter-Americanos, S.A. v. M/V Vasilia Exp., 120 F.3d 304, 313 (1st Cir. 1997). Courts have long recognized the special needs of persons engaged in maritime commerce, including a justification of the use of *in rem* proceedings to hold the vessel itself as the obligor. *See, e.g*., Maine Nat. Bank v. F/V Explorer, 833 F.2d 375 (1st Cir. 1987);  Trans-Asiatic Oil Ltd. S.A. v. Apex Oil Co., 743 F.2d 956, 960-63 (1st Cir.1984); Amstar Corp. v. S/S Alexandros T., 664 F.2d 904, 907-12 (4th Cir.1981).

Hence, Oriental should be allowed the foreclosure of the preferred ship mortgage and the sale of the M/V Karimar for payment of the default judgment.

**CONCLUSION**

In view of the foregoing, having been duly established the amounts owe to plaintiff Oriental by the defendants on default and its entitlement to foreclose on the preferred ship mortgage and the sale of the vessel, it is recommended that default judgment in the amount of $62,890.85, be entered against defendants, plus post-judgment interest to be accrued thereafter.   The foreclosure of the preferred ship mortgage and the sale of the M/V KARIMAR is also recommended.

IT IS SO RECOMMENDED.

Oriental Bank & Trust v. M/V Karimar, et al.
Civil No. 09-2258 (JAG/CVR)
Report and Recommendation
Page No. 7

The parties have fourteen (14) days to file any objections to this report and recommendation. Amended Fed. R. Crim P. 59 (b)(2). *See also* Amended Local Rules. Failure to file same within the specified time waives the right to appeal this order. Henley Drilling Co. v. McGee, 36 F.3d 143, 150-151 (1st Cir. 1994); United States v. Valencia, 792 F.2d 4 (1st Cir. 1986). *See* Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 991 (1st Cir. 1988) ("Systemic efficiencies would be frustrated and the magistrate's role reduced to that a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round").

In San Juan, Puerto Rico, this 6th day of April of 2011.


**s/CAMILLE L. VELEZ-RIVE**
**CAMILLE L. VELEZ-RIVE**
**UNITED STATES MAGISTRATE JUDGE**